DOUGLAS CARSTEN, SBN 198467
dcarsten@foley.com
DEBRA D. NYE, SBN 226076
dnye@foley.com
Foley & Lardner LLP
11250 El Camino Real, Suit 200
San Diego, California 92130
Telephone: (858) 847-6700

Attorneys for Defendant
SANYO NORTH AMERICA CORPORATION

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>           Plaintiff<br>   v.<br><br>SANYO NORTH AMERICA CORPORATION, a Delaware Corporation; and DOES 1 – 100,<br><br>           Defendants. | Case No. 08-cv-0135 BTM (CAB)<br><br>**DEFENDANT SANYO NORTH AMERICA CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES.**<br><br>DEMAND FOR JURY TRIAL |

Defendant SANYO NORTH AMERICA CORPORATION ("Sanyo") by its undersigned counsel hereby answers the Complaint for Patent Infringement of Plaintiff Jens Erik Sorensen, as Trustee of Sorensen Research and Development Trust ("Sorensen") as follows:

## THE PARTIES

1. Sanyo is without sufficient information or belief to admit or deny the allegations of paragraph 1 and, on that basis, denies them.

2. Sanyo admits that it is a corporation organized under the laws of Delaware, having a principal office located at 2055 Sanyo Avenue, San Diego, CA 92154.

3. Sanyo is without sufficient information or belief to admit or deny the allegations of paragraph 3 and, on that basis, denies them.

4. Sanyo is without sufficient information or belief to admit or deny the allegations of this paragraph and, on that basis, denies them.

## JURISDICTION and VENUE

5. Admitted.

6. Sanyo admits that venue in this district is proper under 28 U.S.C. §§ 1391 and 1400(b). Sanyo denies the remaining allegations of this paragraph.

7. Sanyo admits that the Court has personal jurisdiction over it. Sanyo denies the remaining allegations of this paragraph.

## CLAIM FOR RELIEF

### (Patent Infringement)

8. Sanyo realleges and incorporates herein by reference its responses in paragraphs 1 through 7, inclusive, as though fully set forth herein.

9. Sanyo admits that the cover page of the U.S. Patent No. 4,935,184 is entitled "Stabilized Injection Mold Part With Separate Complimentary Mold Parts," and that the issue date of patent is June 19, 1990. Except as specifically admitted, Sanyo denies the remaining allegations of this paragraph.

1    10.    Admitted in part as to Sanyo.  Sanyo admits that it has in the past or presently imports, sells or offers for sale within the United States and this District the following: SANYO MULTI-MEDIA PHONE MM-7400 and SANYO PHONE PM-7300.  As to Sanyo, Sanyo denies the remaining allegations of this paragraph.  As to other Defendants, Sanyo is without sufficient information or belief to admit or deny the allegations of this paragraph and, on that basis, denies them.

11.    Admitted that Sanyo does not have a license, but the implication that Sanyo needs a license or any other authorization is denied.  Sanyo is without sufficient information or belief to admit or deny the allegations of the remainder of this paragraph and on that basis denies them.

12.    Sanyo is without sufficient information or belief to admit or deny the allegations of this paragraph and, on that basis, denies them.

13.    [RESERVED]

14.    Denied.

15.    Sanyo admits that it has received numerous threatening letters from the Plaintiff regarding the '184 patent as early as July 6, 2005, and denies the remaining allegations of this paragraph.

16.    Sanyo is without sufficient information or belief to admit or deny the allegations of this paragraph and, on that basis, denies them.

17.    Denied as to Sanyo. Sanyo is without sufficient information or belief to admit or deny the allegations of remainder of this paragraph and on that basis, denies them.

18.    Admitted that Sanyo does not have a license, but the implication that Sanyo needs a license or any other authorization is denied.  Sanyo is without sufficient information or belief to admit or deny the allegations of the remainder of this paragraph and on that basis denies them.

19.    Sanyo admits that it received a communication from Sorensen's counsel on July 6, 2005 containing a drawing and claim chart alleging infringement.  Sanyo denies the remaining allegations of this paragraph.

20. Denied.

21. Admitted as to Sanyo. Sanyo is without sufficient information or belief to admit or deny the allegations of the remainder of this paragraph and, on that basis, denies them.

22. Denied.

23. Sanyo has been given an opportunity to refute Plaintiff's charge of infringement and has done so. Sanyo denies the remaining allegations of this paragraph.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

## PRAYER FOR RELIEF

30. Sanyo denies that Sorensen is entitled to any relief, and specifically denies all the allegations and prayers for relief contained in paragraphs (a)-(i) in Sorensen's Prayer for Relief.

## DEMAND FOR JURY TRIAL

31. This paragraph states only a legal assertion, and thus, no response is required.

## SANYO'S DEFENSES

32. Sanyo, without waiver, limitation, or prejudice, hereby asserts the following defenses:

### FIRST DEFENSE
### (Failure to State a Claim)

33. The Complaint and each and every one of its allegations fail to state a claim upon which relief may be granted.

## SECOND DEFENSE

### (Noninfringement)

34. Sanyo does not and has not infringed any valid claim of the '184 patent literally, directly, contributorily, by way of inducement, and/or under the doctrine of equivalents.

## THIRD DEFENSE

### (Invalidity)

35. On information and belief, the claims of the '184 patent are invalid for failure to comply with one or more of the conditions of patentability set forth in Part II of Title 35 of the United States Code including, for example, Sections 102, 103, 112, 116, and/or 132.

## FOURTH DEFENSE

### (Prosecution History Estoppel)

36. The claims of the '184 patent are and were limited by amendment, by the prior art and/or by the statements made during its prosecution before the USPTO, such that Sorensen is now estopped and otherwise precluded from maintaining that such claims of the '184 patent are of sufficient scope to cover the accused products and methods, either literally or under the doctrine of equivalents.

## FIFTH DEFENSE

### (Equitable Estoppel and/or Laches)

37. Sorensen's claims against Sanyo with respect to the '184 patent are barred by equitable estoppel and/or laches.

## SIXTH DEFENSE

### (Damages Limitations)

38. Sanyo alleges on information and belief that any claim for damages for patent infringement by Sorensen is limited, including, but not limited to, by 35 U.S.C. § 286.

## RESERVATION OF DEFENSES

39. To the extent not already pled, Sanyo reserves its right to add additional defenses pending further investigation and discovery.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Sanyo hereby respectfully demands a jury trial on all triable issues.

Respectfully submitted,

Date: April 9, 2008

/s/ Douglas Carsten

Douglas H. Carsten, SBN 198467
dcarsten@foley.com
FOLEY & LARDNER LLP
11250 El Camino Real, Suite 200
San Diego, California 92130
Phone: 858-847-6700

Attorneys for Defendant
SANYO NORTH AMERICA CORPORATION