1   DOUGLAS CARSTEN, SBN 198467
    dcarsten@foley.com
2   DEBRA D. NYE, SBN 226076
    dnye@foley.com
3   Foley & Lardner LLP
    11250 El Camino Real, Suit 200
4   San Diego, California 92130
    Telephone: (858) 847-6700
5
6   Attorneys for Defendant
7   SANYO NORTH AMERICA CORPORATION

8
9                    UNITED STATES DISTRICT COURT
10            FOR THE SOUTHERN DISTRICT OF CALIFORNIA

11
    JENS ERIK SORENSEN, as Trustee of          )   Case No. 08-cv-0135 BTM (CAB)
12  SORENSEN RESEARCH AND                      )
    DEVELOPMENT TRUST,                         )   **DEFENDANT SANYO NORTH**
13                                             )   **AMERICA CORPORATION'S**
                                               )   **MEMORANDUM IN SUPPORT OF**
14                         Plaintiff           )   **MOTION TO STAY THE**
                                               )   **LITIGATION PENDING**
15       v.                                    )   **REEXAMINATION OF U.S.**
                                               )   **PATENT NO. 4,935,184.**
16  SANYO NORTH AMERICA                        )
    CORPORATION, a Delaware Corporation;       )   **Date:  May 30, 2008**
17  and DOES 1 – 100,                          )   **Time:  11:00 a.m.**
                                               )   **Courtroom 15, Fifth Floor**
18                         Defendants.         )   **Hon. Barry Ted Moskowitz**
                                               )
19                                             )   NO ORAL ARGUMENT UNLESS
                                               )   REQUESTED BY THE COURT
20                                             )
21
22
23
24
25
26
27
28

1

## TABLE OF CONTENTS

2

Page

I.     INTRODUCTION ....................................................................................... 2

II.    PROCEDURAL HISTORY ....................................................................... 5

    A.     The Reexamination Proceedings ................................................... 5

    B.     This Case Is Still in the Early Stages and Discovery Has Yet to
         Begin................................................................................................ 5

III.   ARGUMENT.............................................................................................. 6

    A.     The Court Has Broad Discretion to Grant a Stay Pending
         Reexamination of the Patent-In-Suit ............................................. 6

    B.     The Court Should Exercise Its Discretion to Stay Litigation of
         the '184 patent ............................................................................... 7

         1.     A Stay in This Case Promotes Judicial Economy and
              Consistency........................................................................ 7

              a.     The Stay Promotes Judicial Economy.................... 7

              b.     The Stay Promotes Consistency ............................. 8

         2.     The Stay Simplifies the Issues in This Case...................... 8

         3.     Sorensen Would Not Be Unduly Prejudiced by a Stay ..... 9

         4.     Sanyo's Request for a Stay is Timely and Not a Dilatory
              Tactic ............................................................................... 10

IV.    CONCLUSION........................................................................................ 11

1

## TABLE OF AUTHORITIES

2

3 **FEDERAL CASES**

4
*Agar Corp., Inc. v. Multi-Fluid, Inc.*,
5
    983 F. Supp. 1126 (S.D. Tex. 1997) ...................................................................................... 11

6
*ASCII Corp. v. STD Entm't USA*,
    844 F. Supp. 1378 (N.D. Cal. 1994) (stay granted) .................................................................. 6
7

8
*Bloom Eng'g Co. v. N. Am. Mfg. Co.*,
    129 F.3d 1247 (Fed. Cir. 1997) ........................................................................................... 7, 9

9
*C.R. Bard, Inc. v. U.S. Surgical Corp.*,
    388 F.3d 858 (Fed. Cir. 2004) ................................................................................................ 8
10

11
*In re Cygnus Telecomms. Tech., LLC, Patent Litig.*,
    385 F. Supp. 2d 1022 (N.D. Cal. 2005) .................................................................................. 7

12
*Direct Imaging Sys., Inc. v. U.S. Graphic Arts, Inc.*,
13
    2007 WL 778633 (M.D. Fla. Mar. 12, 2007) ..................................................................... 6, 9

14
*Emhart Indus., Inc. v. Sankyo Seiki Mfg. Co., Ltd.*,
    1987 WL 6314 (N.D. Ill. 1987) ............................................................................................ 10
15

16
*Ethicon v. Quigg*,
    849 F.2d 1422 (Fed. Cir. 1988) .............................................................................................. 6

17
*Gould v. Control Laser Corp.*,
18
    705 F.2d 1340 (Fed. Cir. 1983) ........................................................................................... 6-7

19
*GPAC, Inc. v. D.W.W. Enters., Inc.*,
    144 F.R.D. 60 (D. N.J. 1992) ................................................................................................. 9
20

21
*Ho Keung Tse v. Apple, Inc.*,
    2007 WL 2904279 (N.D. Cal. 2007) ...................................................................................... 6

22
*Jens Erik Sorensen v. The Black & Decker Corp., et al.*,
23
    Case No. 06cv1572 (S.D. Cal. Sept. 10, 2006) .................................................................... 2-3

24
*KLA-Tencor Corp. v. Nanometrics, Inc.*,
    2006 WL 708661 .................................................................................................................... 7
25

26
*Landis v. N. Am. Co.*,
    299 U.S. 248 (1936) ................................................................................................................ 6

27
*Middleton, Inc. v. Minn. Mining & Mfg. Co.*,
28
    2004 WL 1968669 .................................................................................................................. 9

*Perricone v. Unimed Nutritional Servs., Inc.*,
  2002 WL 31075868 (D. Conn. 2002)........................................................................................10

*Tap Pharm. Prods. v. Atrix Labs., Inc.*,
  2004 WL 422697 (N.D. Ill. 2004)............................................................................................8

*Target Therapeutics, Inc. v. SciMed Life Sys.*,
  33 U.S.P.Q.2d 2022 (N.D. Cal. 1995)......................................................................................8

*Xerox Corp. v. 3Com Corp.*,
  69 F. Supp. 2d 404 (W.D.N.Y. 1999)........................................................................................7

1       Defendant Sanyo North America Corporation ("Sanyo") respectfully moves to

2   stay this case pending the United States Patent and Trademark Office's ("PTO")

3   reexamination of the sole patent asserted in this case, U.S. Patent No. 4,935,184 ("the

4   '184 patent").

5                                **MEMORANDUM OF LAW**

6   **I.     INTRODUCTION**

7       The present action should be stayed pending the outcome of two

8   reexaminations of the '184 patent which is currently before the PTO.  Before Plaintiff

9   Jens Erik Sorensen ("Sorensen") filed his Complaint in the present action, the PTO

10  ordered the '184 patent into reexamination based on eight prior art references. In its

11  Order, the PTO: (a) determined that there was a substantial likelihood that a

12  reasonable examiner would consider the teachings of the references important in

13  deciding whether certain claims were patentable, and (b) identified fourteen

14  substantial new questions of patentability as to certain claims that had not been

15  decided in any previous examination of the patent.  *See* Declaration of Scott M.

16  Daniels in Support of Sanyo's Motion to Stay (the "Daniels Decl."), ¶ 2, Ex. A.  Since

17  then, the '184 patent has become the subject of a second reexamination ordered by the

18  PTO based on nine prior art references (eight of which are in addition to the eight

19  references submitted in connection with the first reexamination.)  *Id.* at ¶ 3, Ex. B.

20  Based on the reexamination proceedings before the PTO, at least two district courts,

21  including this Court, have stayed litigations involving the '184 patent.  *Id.* at ¶¶ 4-5

22  and 9-12, Exs. C, D and H-K.

23      For at least the following reasons, the Court should stay this case until the PTO

24  completes its reexamination of the '184 patent and determines whether each claim

25  asserted in this lawsuit remain valid.  This Court has already found it appropriate to

26  stay a similar action involving the same patent.  *Id.* at ¶ 5 and 9-12, Ex. D and H-K.

27  As described below in more detail, the same considerations that supported this Court's

28  decision to order a stay in at least *Jens Erik Sorensen v. The Black & Decker Corp., et*

DEF.'S MEMO IN SUPPORT OF MOTION TO STAY
Case No. 08cv0135 BTM CAB

1    *al.*, Case No. 06cv1572 (S.D. Cal. Sept. 10, 2006), are present in this case.  *See id.*

2         First, a stay will promote judicial economy and consistency.  Some or all of the

3    '184 patent claims may be cancelled or amended during reexamination.  In light of the

4    fact that this case has barely begun, it would be inefficient to set a schedule, conduct

5    discovery, conduct a *Markman* hearing, or conduct a trial on claims that ceased to

6    exist, or no longer exist in their present form.  If some claims do survive

7    reexamination but are subject to limiting amendments or statements, the scope of the

8    subject matter in this case could significantly change.  Any such change could have an

9    effect on what is discoverable in this case.  Because the parties have not yet begun

10   discovery, the PTO should be allowed to complete its reexamination of the '184 patent

11   before the parties and the Court expend resources on this case.  Staying this case will

12   also preserve consistency among the various litigations presently pending[1].  Of these

13

---

14       [1] *Jens Erik Sorenson as Trustee of Sorenson Research and Development Trust v.*

15   *Ryobi Tech., Inc. et al.,*  Case No. 3:08-cv-0070-BTM-CAB filed Jan. 11, 2008 (S.D.Cal.);
     *Jens Erik Sorenson as Trustee of Sorenson Research and Development Trust v. Senco*

16   *Products, Inc.,*  Case No. 3:08-cv-0071-BTM-CAB filed Jan. 11, 2008 (S.D.Cal.); *Jens*

17   *Erik Sorenson as Trustee of Sorenson Research and Development Trust v. Emerson Electric*
     *Co., et al.,*  Case No. 3:08-cv-0060-BTM-CAB filed Jan. 10, 2008 (S.D.Cal.); *Jens Erik*

18   *Sorenson as Trustee of Sorenson Research and Development Trust v. Johnson Level & Tool*
     *Mfg. Co., Inc.,*  Case No. 3:08-cv-0025-BTM-CAB filed Jan. 04, 2008 (S.D.Cal.); *Jens Erik*

19   *Sorenson as Trustee of Sorenson Research and Development Trust v. Energizer Holdings,*
     *Inc. et al.,*  Case No. 3:07-cv-2321-BTM-CAB filed Dec. 11, 2007 (S.D.Cal.); *Jens Erik*

20   *Sorenson as Trustee of Sorenson Research and Development Trust v. Giant Intl., Inc. et al.,*
     Case No. 3:07-cv-2121-BTM-CAB filed Nov. 06, 2007 (S.D.Cal.); *Jens Erik Sorenson as*

21   *Trustee of Sorenson Research and Development Trust v. Esseplast (USA) NC, Inc. et al.,*
     Case No. 3:07-cv-2277-BTM-CAB filed Dec. 04, 2007 (S.D.Cal.); *Jens Erik Sorenson as*

22   *Trustee of Sorenson Research and Development Trust v. Helen of Troy Texas Corp. et al.,*

23   Case No. 3:07-cv-2278-BTM-CAB filed Dec. 04, 2007 (S.D.Cal.); *Jens Erik Sorenson as*
     *Trustee of Sorenson Research and Development Trust v. The Black & Decker Corp. et al.,*

24   Case No. 3:06-cv-1572-BTM-CAB filed August 07, 2006 (S.D.Cal.); *Jens Erik Sorenson*

25   *as Trustee of Sorenson Research and Development Trust v. Lexar Media, Inc.,* Case No.
     5:08-cv-00095-JW filed Jan. 07, 2008 (N.D.Cal.); *Jens Erik Sorenson as Trustee of*

26   *Sorenson Research and Development Trust v. Ampro Tools Corp.,* Case No. 4:08-cv-

27   00096-CW filed Jan. 07, 2008 (N.D.Cal.); *Jens Erik Sorenson as Trustee of Sorenson*
     *Research and Development Trust v. First Intl. Digital, Inc. et al.,* Case No. 3:07-cv-5525-

28   JSW filed Oct. 30, 2007 (N.D.Cal.); *Jens Erik Sorenson as Trustee of Sorenson Research*

3.

1   litigations, at least two are stayed pending the reexamination of the '184 patent.

2          Second, a stay would simplify or clarify the issues in this case. If some or all

3   of the '184 patent claims presently in reexamination are found invalid by the PTO, the

4   Court will not need to address issues related to infringement, validity or enforceability

5   of those claims. Furthermore, for any claims that may survive reexamination,

6   statements made by Sorensen in response to the reexamination will be highly relevant

7   and instructive to the proper construction of any remaining patent claims. A stay

8   would also simplify issues relating to any alleged damages in this case as Sorensen

9   will not be entitled to recover damages for past infringement of claims that are

10  cancelled or amended during reexamination. Given that the patent expired on

11  February 5, 2008, a stay is particularly appropriate.

12         Third, a stay would not prejudice Sorensen. The '184 patent expired on

13  February 5, 2008 – less than two weeks after Sorensen filed its Complaint and before

14  Sorensen even served the Complaint on Sanyo. Moreover, Sorensen does not compete

15  with Sanyo in the marketplace, and in fact does not make or sell any products

16  whatsoever – its business apparently only relates to asserting the patent-in-suit. As

17  such, Sorensen may only seek to recover past damages based on a reasonable royalty

18  and thus can be adequately compensated through monetary damages for any purported

19  harm caused by a stay of this litigation. Additionally, the PTO aims to complete

20  examination of *ex parte* re-examinations such as the ones in question within two

21  years. Examination proceedings in the re-examinations are already well underway.

22         Fourth, Sanyo's Motion comes at the inception of this case. In fact, Sanyo filed

23  its motion contemporaneously with its Answer. Thus, this Motion is timely and not a

24  dilatory tactic.

25  _____

26  *and Development Trust v. Digital Networks North America, Inc. et al.,* Case No. 3:07-cv-
    5568-JSW filed Nov. 01, 2007 (N.D.Cal.); *American Safety Razor Co. v. Sorensen*

27  *Research & Development Trust,* Case No. 07-CV-00730-HHK filed April 20, 2007
    (D.D.C.); *PowerStation LLC, et al. v. Sorensen Research and Development Trust,* Case No.

28  07-CV-04167-RBH filed Dec. 31, 2007 (D.S.C.).

DEF.'S MEMO IN SUPPORT OF MOTION TO STAY
Case No. 08cv0135 BTM CAB

1    In sum, the relevant factors in this case favor granting Sanyo's Motion to Stay.

2    **II.    PROCEDURAL HISTORY**

3        **A.    The Reexamination Proceedings**

4        On July 30, 2007 Black & Decker (U.S.), Inc. ("B&D") requested a third party

5    reexamination of the '184 patent. Daniels Decl., ¶ 9, Ex. G.  The PTO assigned the

6    reexamination request application/control number 90/008,775 (the "'775 re-exam").

7    *Id.* at ¶ 2, Ex. A.  On October 11, 2007 the PTO agreed with B&D's request and

8    ordered a reexamination of claims 1, 2, 4, and 6-10 of the '184 patent.  *Id.*  In its order,

9    the PTO determined that there is a substantial likelihood that a reasonable examiner

10   would consider the teachings of eight prior art references important in deciding

11   whether or not certain claims were patentable.  *Id.* at ¶¶ 2 & 6, Exs. A & E.  Based on

12   the eight references, the PTO identified fourteen substantial new questions of

13   patentability related to the '184, that is, fourteen reasons to potentially reject some or

14   all of the claims in reexamination.  *Id.* at ¶ 2, Ex. A.

15       On December 21, 2007 Phillips Plastics Corp. and Hi-Tech Plastics, Inc. filed a

16   second third party request for reexamination of the '184 patent.  *Id.* at ¶¶ 3 & 7, Exs. B

17   & F.  On February 21, 2008, the PTO agreed with Phillips' request and ordered a

18   reexamination of claims 1, 2, 4, and 6-10 of the '184 patent.  *Id.* at ¶3, Ex. B.  In its

19   order, the PTO determined that there is a substantial likelihood that a reasonable

20   examiner would consider the teachings of nine prior art references important in

21   deciding whether or not certain claims were patentable.  *Id.* at ¶¶ 3 & 7, Exs. B & F.

22   Based on the nine references, the PTO identified nine substantial new questions of

23   patentability related to the '184 patent, that is, nine reasons to potentially reject some

24   or all of the claims in reexamination.  *Id.* at ¶ 3, Ex. B.

25       **B.    This Case Is Still in the Early Stages and Discovery Has Yet to**

26           **Begin**

27       Despite the activity surrounding the '184 patent before the PTO, Sorensen filed

28   this suit on January 23, 2008 accusing Sanyo of infringing the '184 patent.  On

DEF.'S MEMO IN SUPPORT OF MOTION TO STAY
Case No. 08cv0135 BTM CAB

1   April 9, 2008, contemporaneously with this Motion, Sanyo filed its Answer. This

2   Court has not yet issued a scheduling order.

3   **III.    ARGUMENT**

4          **A.    The Court Has Broad Discretion to Grant a Stay Pending**

5                 **Reexamination of the Patent-In-Suit**

6          A district court has the inherent power to stay litigation pending resolution of

7   reexamination proceedings before the PTO.  *See Landis v. N. Am. Co.*, 299 U.S. 248,

8   254 (1936); *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983);

9   *Ethicon v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988).  Indeed, "there is a liberal

10  policy in favor of granting motions to stay proceedings pending the outcome of

11  USPTO reexamination . . . proceedings."  *ASCII Corp. v. STD Entm't USA*, 844 F.

12  Supp. 1378, 1381 (N.D. Cal. 1994) (stay granted); *see also Direct Imaging Sys., Inc. v.*

13  *U.S. Graphic Arts, Inc.*, 2007 WL 778633, at *1 (M.D. Fla. Mar. 12, 2007) ("the

14  sponsors of the patent reexamination legislation clearly favored the liberal grant of

15  stays . . . .") (quoting *Lentek Int'l, Inc. v. Sharper Image Corp.*, 169 F. Supp. 2d 1360,

16  1362 (M.D. Fla. 2001)).

17         Some of the factors courts consider when deciding whether to stay a case

18  pending reexamination are: (1) whether a stay will promote judicial economy;

19  (2) whether a stay will simplify the issues in question and trial of the case; (3) whether

20  a stay will unduly prejudice the non-moving party; and (4) the stage of the litigation

21  when the stay request is made.  *See, e.g., Ho Keung Tse v. Apple, Inc.*, 2007 WL

22  2904279, *2 (N.D. Cal. 2007); *Direct Imaging Sys., Inc.*, 2007 WL 778633, at *2;

23  *KLA-Tencor Corp. v. Nanometrics, Inc.*, 2006 WL 708661, **2-5 (N.D. Cal. 2006);

24  and *Xerox Corp. v. 3Com Corp.*, 69 F. Supp. 2d 404, 406 (W.D.N.Y. 1999).

25         "A stay is particularly justified where the outcome of the reexamination would

26  be likely to assist the court in determining patent validity and, if the claims were

27  cancelled in the reexamination, would eliminate the need to try the infringement

28  case."  *In re Cygnus Telecomms. Tech., LLC, Patent Litig.*, 385 F. Supp. 2d 1022,

1    1024 (N.D. Cal. 2005).

2        **B.      The Court Should Exercise Its Discretion to Stay Litigation of the**

3              **'184 patent**

4        In this case, each of the factors enumerated above support granting Sanyo's

5    instant motion to stay.

6              **1.      A Stay in This Case Promotes Judicial Economy and**

7                   **Consistency**

8                   **a.      The Stay Promotes Judicial Economy**

9        A stay of the current litigation promotes judicial economy because the Court

10   would avoid holding a *Markman* hearing and trial, and attendant discovery issues,

11   relating to patent claims that may be cancelled or amended during the PTO's

12   reexamination of the patent-in-suit.  Importantly, claims that are eliminated during

13   reexamination are treated as if they never issued and cannot be asserted in litigation.

14   *See Gould*, 705 F.2d at 1342.  Likewise, claims that are substantively amended during

15   reexamination are treated as if they issued at the end of reexamination, such that

16   damages for infringement of those claims begin to accrue only after issuance of the

17   reexamination certificate.  *See Bloom Eng'g Co. v. N. Am. Mfg. Co.*, 129 F.3d 1247,

18   1250 (Fed. Cir. 1997).  Accordingly, absent a stay, a court likely will waste time and

19   resources construing and trying patent claims that may be eliminated or amended

20   during reexamination.  *See Target Therapeutics, Inc. v. SciMed Life Sys.*, 33

21   U.S.P.Q.2d 2022, 2023 (N.D. Cal. 1995) (without a stay, a court may waste time

22   examining validity of claims modified or eliminated in reexamination); *Tap Pharm.*

23   *Prods. v. Atrix Labs., Inc.*, 2004 WL 422697, at *2 (N.D. Ill. 2004) (same; noting the

24   PTO invalidates claims in 10% of reexaminations and amends the claims in 64% of

25   reexaminations).

26        Staying this case now will also promote judicial economy because the case is at

27   a very early stage.  Discovery on the merits has not yet begun and no *Markman*

28   hearing has been scheduled.  Because neither the Court nor the parties have yet

DEF.'S MEMO IN SUPPORT OF MOTION TO STAY
Case No. 08cv0135 BTM CAB

1   expended significant resources in this case, the Court should stay this matter and allow

2   the reexamination to run its course.

### b.   The Stay Promotes Consistency

4        This Court has already stayed several litigations involving the '184 patent.

5   Daniels Decl., ¶¶ 3 and 9-12, Exs. B and H-K.  In addition, another court in the

6   Northern District of California also stayed a litigation in which the '184 patent is

7   alleged to have been infringed.  *Id.* at ¶ 4, Ex. C.  In granting Sanyo's request for a

8   stay, the Court would be promoting consistency.

### 2.   The Stay Simplifies the Issues in This Case

10       Staying litigation concerning the '184 patent would also simplify the issues

11  related to the patent.  As discussed above, issues of validity, infringement,

12  unenforceability and damages may be significantly narrowed or eliminated during the

13  PTO's reexamination because some or all of the claims may be cancelled or amended.

14  Even if some of the claims survive, Sorensen would certainly attempt to distinguish

15  the claims of the '184 patent from the new prior art during reexamination.  Such

16  statements would be highly relevant to the proper construction of any surviving

17  claims.  *See C.R. Bard, Inc. v. U.S. Surgical Corp.*, 388 F.3d 858, 867-69 (Fed. Cir.

18  2004) (citing statements made by patentee during reexamination to support the district

19  court's claim construction and judgment of non-infringement).

20       In addition, the PTO's analysis of the prior art during reexamination would

21  help narrow the validity issues in this case and provide the Court with the PTO's

22  understanding of the prior art.  *See Direct Imaging Sys., Inc.*, 2007 WL 778633, at *3

23  ("A stay will allow both the parties and the Court to take advantage of the PTO's

24  expert analysis of the [patent-at-issue] and may limit or narrow the remaining issues to

25  be litigated.").  A stay will also simplify the damages issues in this case because

26  Sorensen will not be able to seek past damages for claims cancelled or amended

27  during reexamination.  *See Bloom Eng'g Co.*, 129 F.3d at 1250.  Finally, because

28  some of the prior art forming the basis for the PTO's reexamination order will also be

DEF.'S MEMO IN SUPPORT OF MOTION TO STAY
Case No. 08cv0135 BTM CAB

1    relied upon by Sanyo in this case, staying litigation pending completion of the

2    reexamination will provide both parties with additional information regarding the

3    merits of their litigation positions and may promote settlement.  *See GPAC, Inc. v.*

4    *D.W.W. Enters., Inc.*, 144 F.R.D. 60, 65 (D. N.J. 1992) (noting that a "record of

5    reexamination . . . may further encourage settlement without further court

6    intervention").  The broad range of issues that would be affected and simplified as a

7    result of the reexamination strongly supports a stay.

8             **3.     Sorensen Would Not Be Unduly Prejudiced by a Stay**

9         Sorensen would not be prejudiced by a stay of the litigation pending the PTO's

10   re-examination of the validity of the '184 patent.  Importantly, Sorensen does not

11   make or sell any products.  *See Middleton, Inc. v. Minn. Mining & Mfg. Co.*, 2004 WL

12   1968669, at *9 (patentee "is not . . . selling or marketing products under its patent.

13   Indeed, it has never done so and thus has no market to protect. Under similar

14   circumstances, a district court found 'money damages are an adequate remedy for any

15   delay in redress' where the patentee was not 'selling or actively licensing goods or

16   services related to' the patent in suit.'") (citations omitted).  Accordingly, because

17   Sorensen does not compete with Sanyo, any damages for alleged infringement would

18   be limited to a reasonable royalty.

19        The '184 patent expired on February 5, 2008.  Even if any claims of the '184

20   patent survive reexamination unchanged, and are ultimately found to have been

21   infringed by Sanyo, Sorensen suffers no further damages during the stay.  As a result,

22   money damages are sufficient to compensate Sorensen for any alleged past

23   infringement, and Sorensen will not be prejudiced if the Court stays this action

24   pending the reexaminations.  Indeed, even if the patent were not already expired,

25   courts have found that stays are appropriate and do not prejudice the patentee because

26   monetary damages accrue during the stay.  *See Perricone v. Unimed Nutritional*

27   *Servs., Inc.*, 2002 WL 31075868 at *3 (D. Conn. 2002) (monetary damages can

28   compensate patentee for alleged infringement during stay); *Emhart Indus., Inc. v.*

1   *Sankyo Seiki Mfg. Co., Ltd.*, 1987 WL 6314 at *2 (N.D. Ill. 1987) (same).  Moreover,

2   Sorensen has no claim to injunctive relief because the '184 patent is expired.  Thus,

3   Sorenson will suffer no prejudice as a result of the stay.

4          Additionally, the time for the PTO to complete re-examination is reasonable

5   and will not unduly prejudice Sorensen.  According to Under Secretary of Commerce

6   for Intellectual Property Jon Dudas, the PTO aims to conclude all *ex parte* re-

7   examination within two years. Daniels Decl., ¶ 13, Ex. L at 12.  Furthermore, the PTO

8   plans to hire an additional 1,200 examiners per year through 2013 in order to keep up

9   with an increasing workload.  *Id.* at 3.

10         Finally, the first re-examination (Application No. 90/008,775) is well

11  underway.  The application was forwarded to the Examiner on March 11, 2008, and is

12  "Ready for Examiner Action."  *Id* at ¶ 14, Ex. M.  The second re-examination

13  (Application No. 90/008,976), was filed approximately five months later than the first

14  re-examination, and presumably will be "Ready for Examiner Action" in

15  approximately five months.  *Id.* at ¶ 15, Ex. N.  Therefore, the duration of the stay will

16  likely be approximately two years, and will not unduly burden Sorenson.

17              **4.      Sanyo's Request for a Stay is Timely and Not a Dilatory**

18                       **Tactic**

19         Sanyo has no dilatory motive in requesting a stay in this litigation. First, it was

20  not Sanyo's decision to seek reexamination of the '184 patent.  That decision was

21  made even before Sorensen filed his Complaint in this litigation.  Thus, Sanyo cannot

22  be faulted for any dilatory motive for pursing the reexamination itself.

23         Second, Sanyo did not test the waters in this litigation before deciding to ask

24  for a stay.  Instead, Sanyo filed this motion concurrently with its Answer.  Based on

25  the PTO's identification of at least twenty-three substantial questions of patentability,

26  it appears likely that the '184 patent will not survive reexamination.  Nevertheless,

27  Sanyo petitions the Court to stay the case and thereby allow the parties to conserve

28  resources by not forcing litigation on issues that may shortly become moot.  This is

1   not an instance of a party asking to stay a litigation that is going badly or is about to

2   conclude.  *Cf. Agar Corp., Inc. v. Multi-Fluid, Inc.*, 983 F. Supp. 1126, 1128 (S.D.

3   Tex. 1997) (finding that "courts are inclined to deny a stay when the case is set for

4   trial and the discovery phase has almost been completed.").  Here, the discovery phase

5   has not even begun.

6          Additionally, Sanyo attempted to cooperate with opposing counsel in order to

7   reach a mutually acceptable agreement regarding a stay, in order to avoid the need for

8   this motion.  Daniels Decl., ¶¶ 16-19, Exs. O-R.  However, Sorensen refused to

9   stipulate to a stay, and failed to provide even a proposal as to terms for such a stay.

10  *Id.* at ¶20, Ex. S.

11         Because there can be no dilatory motive on Sanyo's part, this factor also

12  weighs in favor of granting the requested stay.

13  **IV.     CONCLUSION**

14         Staying this case pending reexamination of the '184 patent would promote judicial

15  economy, simplify the issues in this case, and would not unduly prejudice Sorensen.

16  Accordingly, Sanyo respectfully requests that the Court grant Sanyo's motion to stay

17  litigation regarding the '184 patent until the reexamination is completed.

18

19                                    Respectfully submitted,

20  Date:  April 9, 2008

21

                                      /s/ Douglas Carsten
22                                    _____

23                                    Douglas H. Carsten, SBN 198467
                                      dcarsten@foley.com
24                                    FOLEY & LARDNER LLP
                                      11250 El Camino Real, Suite 200
25                                    San Diego, California 92130
                                      Phone: 858-847-6700
26

27                                    Attorneys for Defendant
                                      SANYO NORTH AMERICA CORPORATION
28

DEF.'S MEMO IN SUPPORT OF MOTION TO STAY
                                      Case No. 08cv0135 BTM CAB